UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KEATON L. COPELAND | NO.: 17-00084-BAJ-EWD |

### RULING AND ORDER

Before the Court is a **Motion to Dismiss Indictment (Doc. 88)** urged by Defendant Keaton L. Copeland during a September 6, 2018 evidentiary hearing.[1] The United States filed an opposition. (Doc. 96). For the reasons that follow, the **Motion (Doc. 88) is DENIED.**

## I. BACKGROUND

Defendant moves the Court to dismiss the Indictment because of administrative errors in the preparation and service of his trial subpoenas. (Doc. 95). Defendant does not allege any prosecutorial misconduct. (*Id.*). Nor does he articulate any specific prejudice. (*Id.*). The facts that follow are drawn from the Court's September 6, 2018 evidentiary hearing on Defendant's Motion to Continue. (Doc. 88).

On July 6, 2017, a grand jury returned an Indictment charging Defendant with one count of conspiracy to commit wire fraud and six counts of wire fraud.[2] (Doc. 1). Defendant pleaded not guilty to all counts, and the Court set a September 10, 2018 trial date. (Doc. 13).

---

[1] Defendant filed a brief in support of his Motion to Dismiss on September 11, 2018. (Doc. 96).

[2] The Indictment also charged Defendant with one count of aggravated identity theft under 18 U.S.C. § 1028A, but the Court dismissed that count on the Government's motion. (Doc. 64).

1

On July 28, 2018, Defendant filed a sealed Motion to Issue Trial Subpoenas under Federal Rule of Criminal Procedure 17(b). (Doc. 66). Defendant's Motion asked the United States Marshals Service to serve subpoenas on ten individuals and provide them round-trip transportation, lodging, and per diem expenses for Wednesday September 12, 2018 through Friday September 14, 2018. (*Id.*). Defendant attached to the Motion the subpoenas he asked the United States Marshals Service to serve. (Doc. 66-1).

On August 1, 2018, the Court entered a sealed Order granting Defendant's Motion to Issue Trial Subpoenas. (Doc. 67). The Court's Order specified that the Office of the Clerk of Court "shall only notice Defense Counsel of the issuance of this Order," and that the Order "shall be issued under seal." (Doc. 67, pp. 2-3). The Order stated in three places that the subpoenas were directed to defense witnesses. (*Id.*).

Later that day, the Office of the Clerk of Court prepared ten subpoenas. (Doc. 68). The Office of the Clerk of Court then emailed counsel for Defendant, attaching copies of the subpoenas that it had prepared. Counsel for Defendant did not review the subpoenas attached to the email; thus, counsel did not realize that the subpoenas the Office of the Clerk of Court prepared differed from those that Defendant requested.

On August 27, 2018, the United States Marshals Service filed five subpoena returns into the open record. (Doc. 72). The subpoena returns indicated that the subpoenas the Office of the Clerk of Court prepared, and the United States Marshals Service served, differed from the subpoenas the Defendant requested in four ways: (1) the subpoenas did not reflect that Defendant had requested them; (2) the subpoenas did not contain the contact information for the Office of the Federal Public Defender; rather, they contained the contact information for the Office of the United States Attorney; (3) the subpoenas did not contain information directing the witnesses to contact their local United States Marshals Service office for travel accommodations; and (4) the subpoenas

referenced different times and dates than those Defendant requested for the appearance of his witnesses. (Doc. 82, ¶ 5).

Later that day, Defendant reviewed the subpoena returns and discovered that the United States Marshals Service served subpoenas in a different form and with different information than Defendant requested. Defendant also noticed that the United States Marshals Service had not filed the subpoena returns into the record under seal.

On August 28, 2018, counsel for Defendant contacted the Office of the Clerk of Court and the United States Marshals Service and arranged for the subpoenas to be re-issued and re-served in the form that Defendant requested. The Office of the Clerk of Court sealed the subpoena returns that had been filed into the open record the day before.

On September 4, 2018, Defendant moved to continue the trial, arguing that the improper service of his trial subpoenas violated his right to compulsory process under the Sixth Amendment to the United States Constitution. (Doc. 82, p. 4). Defendant requested a continuance "to allow [him] to obtain proper service on his witnesses and to allow the witnesses adequate time to contact their local United States Marshals Service offices" to make travel arrangements. (Doc. 82, p. 4).[3]

That same day, the Court reviewed Defendant's Motion to Continue and held a status conference to discuss the issues Defendant raised in his Motion. (Doc. 85). The Court's staff investigated the preparation and service of Defendant's trial subpoenas, and the Court held an evidentiary hearing on the issue on September 6, 2018. (Docs. 85, 88).

During the evidentiary hearing, the Court granted Defendant's Motion to Continue and reset trial for November 5, 2018. (Doc. 88). Defendant then moved to

---

[3] These concerns are now moot. Because the Court granted Defendant's Motion to Continue, Defendant has time to properly serve his witnesses and arrange for their travel to and from Baton Rouge. (Doc. 88).

3

dismiss the Indictment. (*Id.*). Defendant filed a post-hearing brief in support of his Motion on September 11, 2018. (Doc. 95).

In his post-hearing brief, Defendant argues that the improper preparation and service of his trial subpoenas violated his Sixth Amendment rights to compulsory process and a fair trial. (Doc. 95). Defendant asserts that several "formerly cooperative" defense witnesses became "alarmed" when they received subpoenas that instructed them to contact the Office of the United States Attorney rather than the Office of the Federal Public Defender. (*Id.* at p. 2). Those subpoenas, Defendant continues, gave the defense witnesses "the impression that they were subjects of a government investigation." (*Id.* at p. 2).

The United States opposes Defendant's Motion. (Doc. 96). The United States argues that dismissal of the Indictment is inappropriate because Defendant cannot show prejudice or prosecutorial misconduct. (*Id.* at pp. 1-2). And the United States observes that Defendant fails to cite any case from any jurisdiction that supports Defendant's requested remedy: dismissal of the Indictment based on an administrative error. (*Id.*).

## II. LEGAL STANDARD

Dismissal of an indictment is an "extreme sanction" that is appropriate "only in extraordinary situations and only where the government's misconduct has prejudiced the defendant." *United States v. Swenson*, 894 F.3d 677, 684-85 (5th Cir. 2018) (citation omitted).

## III. DISCUSSION

Defendant has not shown that any administrative error in the preparation and service of his trial subpoenas justifies the "extreme sanction" of dismissal of the Indictment. *Swenson*, 894 F.3d 684. Defendant concedes that the United States Attorney's Office has not engaged in any misconduct. (Doc. 95, p. 2). And Defendant fails

4

to articulate any specific prejudice.⁴ (*Id.*). Defendant asserts only that "formerly cooperative" defense witnesses were "alarmed" when they received subpoenas instructing them to contact the Office of the United States Attorney. (*Id.*).

Dismissal of the Indictment requires a showing of "egregious prosecutorial misconduct" and "actual prejudice." *United States v. McKenzie*, 678 F.2d 629, 631 (5th Cir. 1982). Defendant shows neither. (Doc. 95).

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Dismiss Indictment (Doc. 88)** is **DENIED**.

Baton Rouge, Louisiana, this 11th day of October, 2018.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

⁴ For example, Defendant does not assert that any of the erroneously-prepared subpoenas actually caused any "formerly cooperative" defense witness to change his or her mind and decline to appear as a defense witness at trial.