UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                CRIMINAL ACTION

VERSUS

KEATON COPELAND                                         NO.: 17-84-BAJ-EWD

### RULING AND ORDER

Defendant Keaton Copeland moves the Court to prohibit the United States from offering evidence of civil regulatory violations to prove his liability for wire fraud and conspiracy to commit wire fraud. (Doc. 150). He invokes *United States v. Christo*, 614 F.2d at 486 (5th Cir. 1980), in support.

*Christo* holds that a district court errs if it allows the United States to offer evidence of civil regulatory violations as proof of criminal liability. 614 F.2d at 492. The decision is "principally concerned with bootstrapping of civil violations into criminal liability." *United States v. Brechtel*, 997 F.2d 1108, 1115 (5th Cir. 1993) (per curiam).

Since deciding *Christo*, the United States Court of Appeals for the Fifth Circuit has "permitted use of civil violation evidence in criminal prosecutions for more limited purposes." *Id.* at 1115. For example, the Fifth Circuit has upheld the admission of civil violation evidence to help the jury understand a health care fraud scheme, *see United States v. Arthur*, 432 F. App'x 414, 423 (5th Cir. 2011) (per curiam), to explain

the links between Medicare regulations and federal crimes, *see United States v. Jones*, 664 F.3d 966, 980–81 (5th Cir. 2011), and to prove motive, *see Brechtel*, 987 F.2d at 1114–15, and knowledge and intent, *see United States v. Ramos*, 537 F.3d 439, 459–60 (5th Cir. 2008); *United States v. Butler*, 429 F.3d 140, 150–51 (5th Cir. 2005) (per curiam); and *United States v. Arthur*, 432 F. App'x 414, 423 (5th Cir. 2011) (per curiam).

Defendant reads *Christo* too broadly. (Doc. 150-1). He asserts, incorrectly, that *Christo* requires exclusion of "any evidence" regarding his alleged violation of civil regulations. (*Id.*). To the contrary, *Christo* allows the United States to present evidence of Defendant's civil regulatory violations to help the jury understand the alleged scheme and to prove Defendant's motive, knowledge, or intent. *See United States v. Umawa Oke Imo*, 739 F.3d 226, 233–34 (5th Cir. 2014). Of course, the United States may not offer evidence equating Defendant's violation of a civil regulation with a violation of a criminal law; that is the "bootstrapping" *Christo* forbids. *See Ramos*, 537 F.3d 460.

To ensure the jury understands the limited purposes for which it may consider the civil regulatory violations, the Court will give a modified form of the limiting instructions approved in *Brechtel*, 997 F.2d at 1115, and *Butler*, 429 F.3d at 150–151.

Accordingly,

**IT IS ORDERED** that Defendant Keaton Copeland's **Motion in Limine (Doc. 150)** is **DENIED**.

Baton Rouge, Louisiana, this 8th day of May, 2019.

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**