UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA                              CRIMINAL ACTION


VERSUS


KEATON L. COPELAND                              NO: 17-00084-BAJ-EWD


RULING AND ORDER

Before the Court is **Defendant's Motion for New Trial (Doc. 244)**. The

Government filed a **Memorandum in Opposition (Doc. 245)**, to which Defendant

filed a **Response (Doc. 246)**. For the reasons stated herein, Defendant's **Motion**

**(Doc. 244)** is **DENIED**.

I.   BACKGROUND

On May 16, 2019, Defendant was convicted by a unanimous jury verdict of five

counts of Wire Fraud and one count of Conspiracy to Commit Wire Fraud. (Doc. 192).

Following two hearings concerning Defendant's post-trial representation, Defendant

filed a Motion to Proceed Pro Se (Doc. 223). The Court granted Defendant's request

to proceed *pro se* and appointed stand-by counsel. *See* (Doc. 231). Defendant is

currently scheduled for sentencing on October 24, 2019. Now, Defendant moves for a

new trial under Federal Rule of Criminal Procedure 33.

Defendant argues that his conviction is based on a single piece of evidence—

the testimony of Co-Defendant Dorothy Delima—which Defendant claims would be

1

discredited by text messages he sent Ms. Delima. (Doc. 244, at 2). Ms. Delima testified at trial that Defendant instructed her to lie to Kandyce Cowart from Blue Cross Blue Shield of Louisiana in order to receive payment for policies for persons who did not know they were being signed up. (Doc. 246 at 2). Attached to Defendant's Motion are correspondences with his former counsel and screenshots of text messages, including those Defendant describes as newly discovered evidence warranting a new trial. Those messages show a conversation dated March 2, 2015 with "Dorothy," presumably Ms. Delima. Defendant tells "Dorothy" that he "can't talk about it on the phone," but that "that's the answer...just be honest," and that he "want[s] to speak to them no matter what." (Doc. 244-1 at p. 3–4). Defendant instructs "Dorothy" on how to respond to questions about signing up, and further instructs her to "[f]or the most part just tell them that you are the agent of record" and to relax and breathe. (Doc. 244-1 at p. 2–3).

In an April 29, 2019 email to his then counsel, Defendant provided a list of items he believed could "potentially change the outcome of the case if needed," including the text conversations between himself and Dorothy Delima. (Doc. 244-5, at 1). In this email, Defendant noted that he would like to make it known that his requests to make these items available for trial were neglected by counsel and expressed some frustration with his counsel's decisions not to investigate. *Id.* Defendant's Motion even states he requested the messages be submitted as evidence at trial. *Id.* Screenshots of the messages described above were sent by Defendant to his counsel on May 13, 2019, during the trial. *See* (Doc. 244-1).

2

## II. LEGAL STANDARD

Rule 33 provides that a court may vacate judgment and grant a new trial if the interest of justice so requires. FED. R. CRIM. P. 33(a). Discovery of new evidence post-trial may serve as grounds for granting a new trial. Fifth Circuit law provides five factors that a defendant must show to justify a new trial on the basis of newly discovered evidence: (1) that the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) that the evidence is not merely cumulative or impeaching; (4) that the evidence is material; and (5) that the evidence if introduced at a new trial would probably produce an acquittal. *United States v. Piper*, 912 F.3d 847, 858 (5th Cir.), *cert. denied*, 139 S. Ct. 1639 (2019) (Citation omitted). Motions for new trial based on newly discovered evidence are "disfavored and reviewed with great caution." *United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004) (Citation omitted).

## III. DISCUSSION

As detailed above, the first element of the legal standard for determining whether evidence is newly discovered and warrants a new trial requires that the evidence be unknown to the defendant at the time of trial. *Piper*, 912 F.3d at 858. Dodging this threshold requirement, Defendant seeks to wedge a distinction between "evidence" and "information alone." (Doc. 244 at p.5). However, the Federal Rules of Evidence contain no such distinction. Instead, the Rules focus on relevance. Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and is of consequence in determining the action. FED. R. EVID.

401. Irrelevant evidence is not admissible. FED. R. EVID. 402.

Screenshots of the relevant text messages were sent in pre-trial emails to Defendant's counsel, and presumably have been on Defendant's personal phone since 2015. Defendant's anticipation that Ms. Delima may misrepresent something at trial based on her "prior instances of dishonesty" without knowing "[t]he specific facts or alleged beliefs that would prove not to be true" was a strategic issue that should have been addressed before cross-examining Ms. Delima. (Doc. 244 at p.6) Counsel generally has a wide latitude in making tactical and strategic decisions, and failure to present a particular line of argument is presumed to be the result of strategic choice. *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2011). Pre-trial uncertainty as to the details of Ms. Delima's testimony does not influence whether the messages constituted "evidence." As such, Defendant fails to establish that the evidence was newly discovered.

Further, Defendant fails to establish that the text messages are "not merely impeaching" or would "probably produce an acquittal" if introduced in a new trial. Evidence which could only serve to impeach testimony of a government witness is not normally a basis for granting a motion for new trial. *United States v. Villareal*, 324 F.3d 319, 326 (5th Cir. 2003). Defendant's argument hinges on impeaching Ms. Delima's testimony—which Defendant claims is the only evidence supporting his conviction—with what comes down to a single text message. Yet, Defendant neglects to address the fact that the Government called twenty-one other witnesses during the trial. (Docs. 171, 172 & 184).

Even if the Court were to accept Defendant's assertion, the Court is not persuaded that these text messages would reliably counter Ms. Delima's testimony. Defendant claims that the new evidence will establish that he only instructed Ms. Delima to be honest. However, the instruction to "be honest" is buried among other instructions directing how Ms. Delima should respond. Defendant even stated that he "can't talk about it on the phone" and wants to "speak to them no matter what." (Doc. 244-1, at p. 3–4). Finally, Defendant fails to demonstrate how these text messages would influence the jury verdict with respect to the five counts of wire fraud he was convicted of in addition to his conspiracy charge. The evidence that is the subject of Defendant's Motion is not newly discovered, could only serve to impeach, and would not probably produce an acquittal at a new trial.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendant's Motion for New Trial (Doc. 244)** is **DENIED**.

Baton Rouge, Louisiana, this 21ˢᵗ day of October, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA