UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

KEATON L. COPELAND                          NO 17-00084-BAJ-EWD

## RULING AND ORDER

Before the Court is Defendant's **Motion For Compassionate Release, Or, In The Alternative, For Release On Bail Pending Appeal (Doc. 288)**. The Government opposes Defendant's Motion. (Doc. 291; Doc. 296; Doc. 300; Doc. 308; Doc. 310; Doc. 319; Doc. 321; Doc. 327; Doc. 328; Doc. 331). Defendant filed reply briefs. (Doc. 302; Doc. 313; Doc. 318; Doc. 324). For the following reasons, Defendant's Motion is **DENIED.**

### I.    BACKGROUND

Following a jury trial, Defendant Keaton L. Copeland was found guilty on five counts of wire fraud and one count of conspiracy to commit wire fraud. (Doc. 259).

On October 24, 2019, Defendant was sentenced to 120 months of imprisonment on Counts One through Six, to run concurrently. (Doc. 259, p. 2).

Defendant appealed the Judgment imposed on October 24, 2019. (Doc. 252). The appeal is currently pending before the United States Court of Appeals for the Fifth Circuit. (*See* Doc. 285).

Defendant is currently incarcerated at FCI Coleman Low. (Doc. 288, p. 1). His

1

projected release date is May 5, 2028.[1]

Defendant now moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 288). Defendant claims that release is warranted due to his obesity, which creates a higher risk of serious health consequences should he contract COVID-19. (Doc. 288-1, p. 3–4).

In the alternative, Defendant requests release on bail pending appeal. (Doc. 288). The Court previously denied this request made in a previous Motion and need not repeat its full reasoning here. (Doc. 255; *see* Doc. 330 for full statement of reasons).

## II.    LEGAL STANDARD

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must satisfy the Court that (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. CR 14-69-SDD-EWD, 2020 WL 4014748, at *1 (M.D. La. July 16, 2020) (Dick, C.J.) ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always,

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited Oct. 26, 2021).

the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it nonetheless informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021).

Relevant here, the Sentencing Commission has expressly recognized that, in certain circumstances, a Defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically, the Sentencing Commission advises that "extraordinary and compelling reasons" may be established upon proof that an illness is "terminal," "serious," or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1).

## III.   DISCUSSION

Defendant moves for "compassionate release" pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 288). Defendant claims that release is warranted due to his obesity, which creates a higher risk of serious health consequences should he contract COVID-19. (Doc. 288-1, p. 3–4).

The Government responds that the Court lacks jurisdiction to grant compassionate release. (Doc. 291, p. 9).

"[A]n appeal of a judgment determining the entire action divests the district court of jurisdiction, while that appeal is pending, over any further matters for that action, 'except in aid of the appeal or to correct clerical errors.'" *United States v. Pena,*

713 F. App'x 271, 272–73 (5th Cir. 2017) (quoting *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984)). The Court has three options in a case such as this where "a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending." *United States v. Watts*, No. CR 16-104, 2020 WL 3036545, at *2 (M.D. La. June 5, 2020) (Africk, J.) (citing Fed. R. Crim. P. 37(a)). The Court may defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.* (citing Fed. R. Crim. P. 37(a)).

The Court agrees with the Government that it lacks jurisdiction over the instant Motion because Defendant's appeal is still pending before the Fifth Circuit. Accordingly, the Court will exercise its second option under Rule 37(a) and deny Defendant's Motion without prejudice to renew if the Court re-acquires jurisdiction. *See Watts*, 2020 WL 3036545, at *2 (Africk, J.) ("The Court agrees with the government that it lacks jurisdiction over the instant motion [for compassionate release] because [the defendant's] appeal is still pending before the Fifth Circuit. Therefore, the Court will exercise its second option under Rule 37(a) and deny the motion without prejudice to renew if this Court re-obtains jurisdiction."); *see also United States v. James*, No. CR 18-21-SDD-RLB, 2021 WL 4392492, at *1 (M.D. La. Sept. 24, 2021) (Dick, C.J.) (same); *United States v. Bays*, No. 3:13-CR-0357-B-1, 2020 WL 5370550, at *3 (N.D. Tex. Sept. 8, 2020) ("The Court agrees with the majority of other lower courts that it lacks jurisdiction over

[defendant's motion for compassionate release] because the requested relief involves his sentence—an aspect of this case that is currently before the Fifth Circuit. And because the Fifth Circuit currently possesses jurisdiction over [defendant's] sentence, this Court necessarily does not.").

## IV.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion For Compassionate Release (Doc. 288)** is **DENIED** without prejudice to renew if the Court re-acquires jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's **Motion In The Alternative For Release On Bail Pending Appeal (Doc. 288)** is **DENIED.** (*See* Doc. 330).

**IT IS FURTHER ORDERED** that Defendant's **Motion for Expedited Consideration Regarding Same (Doc. 289)** is **DENIED.**

Baton Rouge, Louisiana, this ___3rd___ day of November, 2021

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**