# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS

KEATON L. COPELAND                                NO. 17-00084-BAJ-EWD

## RULING AND ORDER

Before the Court is Defendant's renewed[1] **Motion For Compassionate Release (Doc. 338)**. The Government opposes Defendant's Motion (Doc. 339). For the following reasons, Defendant's Motion will be denied.

## I.    BACKGROUND

On May 16, 2019, a jury convicted Defendant of five counts of wire fraud and one count of conspiracy to commit wire fraud. (Doc. 186, Doc. 192).

On October 24, 2019, the Court sentenced Defendant to concurrent terms of 120 months imprisonment on each Count (One through Six). (Doc. 259, p. 2).

On January 14, 2022, the U.S. Court of Appeals for the Fifth Circuit issued its judgment and mandate affirming Defendant's convictions and sentence. (Doc. 336).

Defendant is currently incarcerated at FCI Yazoo City Low. His projected release date is May 6, 2027.[2]

Defendant now moves for "compassionate release" pursuant to

---

[1] On November 3, 2021, this Court denied Defendant's prior request for compassionate release for lack of jurisdiction, because at the time he sought relief Defendant's direct appeal remained pending before the U.S. Court of Appeals for the Fifth Circuit. (Doc. 333). The Fifth Circuit has since affirmed Defendant's conviction and sentence, (Doc. 336), removing the jurisdictional impediment to this Court's review of Defendant's request.

[2] *See* https://www.bop.gov/inmateloc/ (last visited Nov. 17, 2022).

18 U.S.C. § 3582(c)(1)(A)(i), citing ongoing concerns regarding the COVID-19 pandemic, and the fact that his mother—his children's "primary caregiver"—recently passed away. (Doc. 338 at p. 1).

## II.    ANALYSIS

### A.    Standard

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010). A defendant seeking compassionate release must show (1) "extraordinary and compelling reasons warrant such a reduction," and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Mathes*, No. 14-cr-69, 2020 WL 4014748, at *3 (M.D. La. July 16, 2020) (Dick, C.J.). ("Generally, the defendant has the burden to show circumstances meeting the test for compassionate release.").

When, as here, the defendant files a motion for compassionate release on his own behalf, the Court's discretion "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Still, even if the Sentencing Commission's guidance is *not* dispositive, it informs the Court's "analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied* No. 20-7832 (U.S. May 24, 2021).

Relevant here, the Sentencing Commission recognizes that, in certain circumstances, a Defendant's "medical condition" may rise to the level of an "extraordinary and compelling" reason to merit compassionate release. Specifically,

2

the Sentencing Commission advises that "extraordinary and compelling reasons" may be established upon proof that an illness is "terminal," "serious," or "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. §1B1.13 (Commentary, Application Note 1(A)). Likewise, the Sentencing Commission recognizes that "family circumstances" may warrant compassionate release, including "[t]he death ... of the caregiver of the defendant's minor child or minor children." (*Id.* (Commentary, Application Note 1(C)(i)).

## B. Discussion

### i. Defendant's medical condition does not warrant release

Defendant seeks medical release due to the fact that he is "obese," a pre-existing health condition that places him at greater risk for severe complications in the event he contracts COVID-19. (Doc. 338 at p.1). Certainly Defendant raises a legitimate concern. For multiple reasons, however, Defendant cannot demonstrate extraordinary and compelling reasons to justify release.

The CDC continues to advise that obesity "can make you more likely to get very sick from COVID-19," and that "[t]he risk of severe illness from COVID-19 increases sharply with higher BMI [body mass index]."[3] Although not stated outright, Defendant's records suggest a BMI putting him among those more likely to suffer adverse outcomes from COVID-19. (*See* Doc. 207 at ¶ 53; *see also* Doc. 338-1 at p. 2).

But that is not the end of the inquiry. First, obesity is a commonplace medical

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Nov. 17, 2022).

condition that may be controlled through medication and lifestyle management. Defendant's medical records offer nothing to indicate that his condition is uncontrolled, has worsened, or caused acute distress during his incarceration. This Court and others have held that well-controlled, commonplace, chronic conditions do not establish an extraordinary and compelling reason to justify release, even if those conditions increase the risk of adverse outcomes from COVID-19. *See United States v. Johnson*, 07-cr-17, 2021 WL 262559, at *5 (M.D. La. Jan. 26, 2021) (Dick, C.J.) (ruling that well-controlled hypertension is not extraordinary and compelling); *accord Thompson*, 984 F.3d at 434 (instructing that "commonplace" chronic conditions generally do not make a prisoner's case "extraordinary").

Second, according to the most recent data, FCI Yazoo City Low currently reports no active inmate cases of COVID-19, and just one active staff case.[4] This number is consistent with other federal corrections facilities in Mississippi, Louisiana, and Texas. Meanwhile, new cases of COVID-19 among Louisiana's general population continue to fall, with fewer reported serious health outcomes.[5] In short, on the present showing, it is not clear that Defendant is at a significantly higher risk of exposure to COVID-19 as a result of his confinement. Thus, again, his case is not "extraordinary." *Cf. Thompson*, 984 F.3d at 434 (indicating that defendant's case was not "extraordinary" where defendant failed to show that he was "at a significantly higher risk [of severe outcomes from COVID-19] than is the general inmate

---

[4] *See* https://www.bop.gov/coronavirus/ (visited Nov. 17, 2022).
[5] *See* https://ldh.la.gov/Coronavirus/ (visited Nov. 17, 2022).

population").

Third, Defendant's medical records reflect that he has already contracted and endured COVID-19 with only moderate symptoms, providing him at least some measure of natural immunity to the virus in the future. (*See* Doc. 342 at pp. 4-7).

Finally, and equally important, Defendant's medical records reflect that on July 27, 2021, Defendant was offered and declined the Pfizer-BioNTech vaccine, citing an "unknown allergy." (Doc. 342 at pp. 32, 34). Defendant offers no evidence to support this "unknown allergy," and instead resorts to baseless conjecture and rhetorical flourish, stating: "if the vaccines do no [sic] protect against infection, severe effects, or death due to complications of COVID-19; [sic] why is my personal choice as to whether or not I am vaccinated have any relevance to whether or not I am eligible for relief?" (Doc. 338-1 at p. 2). The fault in Defendant's reasoning is plain on its face. Having exercised his "personal choice" to forgo a viable opportunity to protect himself against serious consequences resulting from COVID-19, Defendant cannot establish an extraordinary and compelling reason to justify release. *E.g.*, *United States v. Lindsey*, No. 19-cr-00051, 2021 WL 5412584, at *2 (M.D. La. Nov. 19, 2021) (Jackson, J.) (denying compassionate release based on Defendant's COVID-19 concerns where Defendant declined opportunity to get vaccinated (citing authorities)).

### ii.  Defendant's family circumstances do not warrant release

Defendant seeks "family circumstances" release due to the fact that his mother—"the primary caregiver for [his] minor children"—recently passed away. (Doc. 338-at a p. 3). The Court is sympathetic to Defendant's (and his children's) loss. Still, as noted in the Government's opposition, Defendant offers precious little detail

and absolutely no evidence to support his request for relief on this basis. Previously, Defendant has represented that his children reside with their mother, (*see* Doc. 207 at ¶ 52), and there is no evidentiary basis to conclude that she is unable to care for them now. "Without more evidence besides an unverified motion, the Court will not use [Defendant's] claims as evidence favoring compassionate release." *United States v. Duggins*, No. 18-cr-1061, 2021 WL 5449642, at *5 (S.D. Tex. Nov. 22, 2021) (Gonzales Ramos, J.) (denying family circumstances release where defendant "offered no evidence that he is the only available caregiver for his minor children" (citing authorities authorities)).

### III.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendant's **Motion For Compassionate Release (Doc. 338)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion For Expedited Consideration Of Motion For Compassionate Release (Doc. 345)** be and is hereby **TERMINATED AS MOOT**.

Baton Rouge, Louisiana, this 21ˢᵗ day of November, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**